**NAIDICH LAW**
Zachary Naidich (ZN-1449)
123 5th Ave., 5th Fl.
New York, NY 10003
646.661.5694
ZNaidich@naidichlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
CARLOS MEJIA, individually and on behalf of all
others similarly situated,

                                 *Plaintiff,*

        *-against-*

WINDHAM PLUMBING, LLC and RICHARD DEL
CIELLO.

                                 *Defendant(s).*
-----------------------------------------------------------------

No.: 26-cv-4237

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff CARLOS MEJIA ("**Plaintiff**"), individually and on behalf of all others similarly situated, alleges, as and for his Complaint against WINDHAM PLUMBING, LLC and RICHARD DEL CIELLO ("**Defendants**"), as follows:

**NATURE OF THE ACTION**

1.     It is Defendants' policy and practice to pay their hourly rate employees for a maximum of forty hours per week, regardless of how many hours are actually worked. When Plaintiff complained about this illegal practice, Defendants threatened to make a false report to federal law enforcement regarding Plaintiff and his family. When this tactic failed to silence Plaintiff, he was terminated.

2.     Plaintiff now brings this action to recover unpaid regular and overtime wages, and retaliatory termination, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "**FLSA**") and New York Labor Law § 190 *et seq.* (the "**NYLL**").

3.    Plaintiff seeks compensatory and liquidated damages, pre- and post-judgment interest, attorneys' costs and fees, and such other and further relief as may be deemed just and proper.

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5.    This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, because those claims are so related to Plaintiff's federal law claims as to form part of the same case and/or controversy.

6.    Venue is proper in this District pursuant to 28 U.S.C. § 1391, because the parties are located and the events giving rise to this action occurred within the Eastern District of New York.

## JURY DEMAND

7.    Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Federal Rule of Civil Procedure 38.

## PARTIES

8.    Plaintiff Carlos Mejia is a natural person residing in Queens County, New York.

9.    Defendant Windham Plumbing, LLC ("**Windham**") is a domestic limited liability company located in Queens County, New York.

10.    Windham provides plumbing installation, repair, maintenance, and related services throughout the New York Metropolitan Area.

11.    Windham is an enterprise engaged in commerce within the meaning of the FLSA.

12.     Windham conducts business in multiple states and routinely handles goods and equipment moved in interstate commerce including, but not limited to, piping, solvent cement and primer, fitting and valves, and various handheld and powered tools.

13.     Upon information and belief, Windham employs 10 to 15 persons and at all times relevant to this action generated gross revenue in excess of $500,000 per annum.

14.     Windham employed Plaintiff within the meaning of the FLSA and NYLL from in or around November 2014 to May 18, 2026.

15.     Defendant Richard Del Ciello ("**Del Ciello**") is a natural person residing in the State of New York.

16.     Del Ciello is Windham's owner, member, principal, and/or manager.

17.     Del Ciello employed Plaintiff within the meaning of the FLSA and NYLL from in or around November 2014 to May 18, 2026.

18.     At all times relevant to this action, Del Ciello exercised operational control over Windham and its employees, including the power to hire and fire employees, supervise employee work, set work schedules and payroll practices, and control the conditions of Plaintiff and similarly situated persons' employment.

19.     Defendants individually and/or jointly employed Plaintiff, and all similarly situated persons, within the meaning of the FLSA and NYLL.

**<u>STATEMENT OF FACTS</u>**

20.     Defendants provide plumbing installation, repair, maintenance, and related services throughout the New York Metropolitan Area.

21.     Defendants employed Plaintiff as a service mechanic and field technician from in or around November 2014 to May 18, 2026.

22.     Plaintiff's duties included performing on site plumbing installation, repair, maintenance and related activities.

23.     Plaintiff was a non-exempt employee within the meaning of the FLSA and NYLL.

24.     Plaintiff was paid at a rate of $40.00 per hour.

25.     Plaintiff regularly and routinely worked in excess of forty hours per work week.

26.     In or around 2023, Defendants adopted a policy and/or practice of paying Plaintiff and similarly situated employees a maximum of forty hours per week, regardless of how many hours were actually worked.

## COLLECTIVE ACTION ALLEGATIONS

27.     Plaintiff brings the FLSA claims asserted in this action as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of himself and a collective consisting of:

> All persons employed by Defendants and paid on an hourly basis at any time during the three years prior to the filing of this action through entry of judgment in this case (the "**Collective Members**").

28.     At all times relevant to this action, Defendants maintained and enforced common compensation policies and practices that affected Plaintiff and the Collective Members.

29.     Upon information and belief, at any given time Defendants employed 10 to 15 employees performing manual labor and other non-exempt work, including, but not limited to, plumbers, apprentice plumbers, mechanics, laborers, helpers, drivers, and other hourly employees.

30.     Plaintiff and the Collective Members were subject to the same unlawful pay practices and are similarly owed unpaid regular and overtime wages.

31. Upon information and belief, Plaintiff and the Collective Members regularly worked in excess of forty hours per week.

32. Upon information and belief, Plaintiff and the Collective Members were not paid for each hour worked and/or were not paid overtime wages.

33. The factual and legal issues raised by Plaintiff's claims are substantially similar to those raised by the Collective Members' claims, including, but not limited to:

a. whether Plaintiff and the Collective Members were non-exempt employees within the meaning of the FLSA;

b. whether Plaintiff and the Collective Members were entitled to overtime wages;

c. whether Defendants failed to pay the Collective Members for all hours worked;

d. whether Defendants failed to pay the Collective Members overtime wages;

e. whether Defendants failed to maintain proper and/or accurate records of employee hours and wages;

f. whether Defendants acted willfully within the meaning of the FLSA; and

g. whether Defendants are jointly and severally liable for damages including, but not limited to, compensatory damages, liquidated damages, interest, and attorneys' costs and fees.

34. The Collective Members are readily identifiable from Defendants' payroll records, personnel files, time records, tax records, and/or other business records.

## NEW YORK CLASS ACTION ALLEGATIONS

35. Plaintiff brings the state law claims asserted in this action as a class action, pursuant to Fed. R. Civ. P. 23, on behalf of himself and a class consisting of:

> All persons employed by Defendants and paid on an hourly basis at any time during the six years prior to the filing of this action through entry of judgment in this case (the "**Class Members**").

36.     The number and identity of the Class Members is readily ascertainable from Defendants' payroll records, personnel files, time records, tax records, and/or other business records.

37.     Notice can be provided by means permissible under Fed. R. Civ. P. 23.

38.     The Class Members are so numerous as to make joinder of all members impracticable.

39.     Upon information and belief, at any given point Defendants employed 10 to 15 employees performing manual labor and other non-exempt work, including, but not limited to, plumbers, apprentice plumbers, mechanics, laborers, helpers, drivers, and other hourly employees.

40.     Plaintiff and the Class Members were subject to the same unlawful pay practices and are similarly owed unpaid regular and vertime wages.

41.     Upon information and belief, Plaintiff and the Class Members regularly worked in excess of forty hours per week.

42.     Upon information and belief, Plaintiff and the Class Members were not paid for each hour worked and/or were not paid overtime wages.

43.     Common questions of law and fact predominate over questions affecting individual Class Members, including, but not limited to:

      a.   whether Plaintiff and the Class Members were non-exempt employees within the meaning of the NYLL;

      b.   whether Plaintiff and the Class Members were entitled to overtime wages;

      c.   whether Defendants failed to pay the Class Members for all hours worked;

      d.   whether Defendants failed to pay the Class Members overtime wages;

  e. whether Defendants failed to maintain proper and/or accurate records of employee hours and wages;

  f. whether Defendants acted willfully within the meaning of the NYLL; and

  g. whether Defendants are jointly and severally liable for damages including, but not limited to, compensatory damages, liquidated damages, interest, and attorneys' costs and fees.

44. Plaintiff's claims are typical of the Class Members' claims.

45. Plaintiff, like all Class Members, was employed by Defendants within the meaning of the NYLL and was subject to the same official and/or unofficial pay policies and/or practices.

46. If Defendants are liable to Plaintiff for the claims set forth in this Complaint, they are also liable to all the Class Members.

47. Plaintiff and their Counsel will fairly and adequately represent the Class Members. There are no conflicts between Plaintiff and the Class Members, and Plaintiff brings this lawsuit out of a desire to help all Class Members, not merely out of a desire to recover their own damages. Plaintiff's counsel is competent and experienced in wage and hour litigation and is well-prepared to represent the Class Member's interests.

48. A class action is superior to other available methods for the fair and efficient adjudication of this litigation.

49. The Class Members have been damaged and are entitled to recovery as a result of Defendants' uniform policies, practices, and procedures.

50. Defendants are sophisticated parties with significant resources. The Class Members lack adequate resources necessary to vigorously prosecute this action on an individual basis.

51.     Class action litigation will obviate the need for unduly duplicative litigation that might result in inconsistent judgments.

## CAUSES OF ACTION

### COUNT ONE
### UNPAID WAGES
(In violation of the Fair Labor Standards Act)

52.     Plaintiff reincorporates and realleges each and every allegation contained in the proceeding paragraphs as if stated here in full.

53.     At all times relevant to this action, Defendants individually and/or jointly employed Plaintiff and the Collective & Class Members within the meaning of the FLSA.

54.     Plaintiff and the Collective & Class Members were non-exempt employees within the meaning of the FLSA.

55.     Plaintiff and the Collective & Class Members were entitled to receive pay for each hour worked.

56.     In or around 2023, Defendants implemented and adopted a policy and/or practice of paying a maximum of forty hours per week, regardless of how many hours were actually worked.

57.     Plaintiff and the Collective & Class Members regularly and routinely worked in excess of forty hours per week.

58.     Plaintiff and the Collective & Class Members were not paid for these hours.

59.     Defendants failed to pay Plaintiff and the Collective & Class Members for each hour worked.

60.     This failure was willful and intentional.

61.    As a consequence of Defendants willful and intentional violation of the FLSA, Plaintiff and the Collective & Class Members are entitled to compensatory damages in an amount to be determined at trial, plus liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and such other and further relief as the court deems just and proper.

**COUNT TWO**
**UNPAID WAGES**
(In violation of the New York Labor Law)

62.    Plaintiff reincorporates and realleges each and every allegation contained in the proceeding paragraphs as if stated here in full.

63.    At all times relevant to this action, Defendants individually and/or jointly employed Plaintiff and the Collective & Class Members within the meaning of the NYLL.

64.    Plaintiff and the Collective & Class Members were non-exempt employees within the meaning of the NYLL.

65.    Plaintiff and the Collective & Class Members were entitled to receive pay for each hour worked.

66.    In or around 2023, Defendants implemented and adopted a policy and/or practice of paying a maximum of forty hours per week, regardless of how many hours were actually worked.

67.    Plaintiff and the Collective & Class Members regularly and routinely worked in excess of forty hours per week.

68.    Plaintiff and the Collective & Class Members were not paid for these hours.

69.    Defendants failed to pay Plaintiff and the Collective & Class Members for each hour worked.

70.    This failure was willful and intentional.

71.     As a consequence of Defendants willful and intentional violation of the NYLL, Plaintiff and the Collective & Class Members are entitled to compensatory damages in an amount to be determined at trial, plus liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and such other and further relief as the court deems just and proper.

### COUNT THREE
### UNPAID OVERTIME WAGES
(In violation of the Fair Labor Standards Act)

72.     Plaintiff reincorporates and realleges each and every allegation contained in the proceeding paragraphs as if stated here in full.

73.     At all times relevant to this action, Defendants individually and/or jointly employed Plaintiff and the Collective & Class Members within the meaning of the FLSA.

74.     Plaintiff and the Collective & Class Members were non-exempt employees within the meaning of the FLSA.

75.     Plaintiff and the Collective & Class Members were entitled to receive one and one-half times their regular rate of pay for each hour worked in excess of forty hours in any given week.

76.     Plaintiff and the Collective & Class Members regularly and routinely worked in excess of forty hours per week.

77.     In or around 2023, Defendants implemented and adopted a policy and/or practice of not paying overtime wages.

78.     Defendants failed to pay Plaintiff and the Collective & Class Members overtime wages for each hour worked in excess of forty hours in any given week.

79.     Defendants acted willfully and intentionally.

80.     As a consequence of Defendants' willful and intentional violation of the FLSA, Plaintiff and the Collective & Class Members are entitled to compensatory damages in an amount to be determined at trial, plus liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and such other and further relief as the court deems just and proper.

## COUNT FOUR
## UNPAID OVERTIME WAGES
(In violation of the New York Labor Law)

81.     Plaintiff reincorporates and realleges each and every allegation contained in the proceeding paragraphs as if stated here in full.

82.     At all times relevant to this action, Defendants individually and/or jointly employed Plaintiff and the Collective & Class Members within the meaning of the NYLL.

83.     Plaintiff and the Collective & Class Members were non-exempt employees within the meaning of the NYLL.

84.     Plaintiff and the Collective & Class Members were entitled to receive one and one-half their regular rate of pay for each hour worked in excess of forty hours in any given week.

85.     Plaintiff and the Collective & Class Members regularly and routinely worked in excess of forty hours per week.

86.     In or around 2023, Defendants implemented and adopted a policy and/or practice of not paying overtime wages.

87.     Defendants failed to pay Plaintiff and the Collective & Class Members overtime wages for each hour worked in excess of forty hours in any given week.

88.     Defendants acted willfully and intentionally.

89.     As a consequence of Defendants' willful and intentional violation of the NYLL, Plaintiff and the Collective & Class Members are entitled to compensatory damages in an amount to be determined at trial, plus liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and such other and further relief as the court deems just and proper.

**COUNT FIVE**
**RETALIATION**
(In violation of the Fair Labor Standards Act)

90.     Plaintiff reincorporates and realleges each and every allegation contained in the preceding paragraphs as if stated here in full.

91.     In 2026, Plaintiff complained to Del Ciello about Defendants' refusal to pay for more than forty hours of work per week and requested he be paid his unpaid regular and overtime wages.

92.     Defendants responded by threatening to contact United States Immigration and Customs Enforcement to falsely report Plaintiff and Plaintiff's wife as undocumented immigrants unless Plaintiff stop his complaints.

93.     When Plaintiff again complained about Defendants' unlawful practices, he was terminated.

94.     Plaintiff's complaints were protected activities under the FLSA.

95.     Upon information and belief, Plaintiff was threatened and subsequently terminated for engaging in protected activity.

96.     Plaintiff was a long-time employee in good standing with no prior disciplinary infractions.

97.     Plaintiff and his wife are United States citizens.

98. There was no lawful justification for Defendants' threats or Plaintiff's termination.

99. Defendants acted willfully and intentionally.

100. Plaintiff suffered injuries as a result of Defendants' unlawful conduct including, but not limited to, lost wages, anxiety, and emotional distress.

101. Plaintiff is entitled to compensatory damages in an amount to be determined at trial, plus liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and such other and further relief as the court deems just and proper.

## COUNT SIX
## RETALIATION
(In violation of the NYLL)

102. Plaintiff reincorporates and realleges each and every allegation contained in the preceding paragraphs as if stated here in full.

103. In 2026, Plaintiff complained to Del Ciello about Defendants' refusal to pay for more than forty hours of work per week and requested he be paid his unpaid regular and overtime wages.

104. Defendants responded by threatening to contact United States Immigration and Customs Enforcement to falsely report Plaintiff and Plaintiff's wife as undocumented immigrants unless Plaintiff stop his complaints.

105. When Plaintiff again complained about Defendants' unlawful practices, he was terminated.

106. Plaintiff's complaints were protected activities under the NYLL.

107. Upon information and belief, Plaintiff was threatened and subsequently terminated for engaging in protected activity.

108.    Plaintiff was a long-time employee in good standing with no prior disciplinary infractions.

109.    Plaintiff and his wife are United States citizens.

110.    There was no lawful justification for Defendants' threats or Plaintiff's termination.

111.    Defendants acted willfully and intentionally.

112.    Plaintiff suffered injuries as a result of Defendants' unlawful conduct including, but not limited to, lost wages, anxiety, and emotional distress.

113.    Plaintiff is entitled to compensatory damages in an amount to be determined at trial, plus liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and such other and further relief as the court deems just and proper.

**COUNT SEVEN**
**UNPAID WAGES**
(In violation of the NYLL)

114.    Plaintiff reincorporates and realleges each and every allegation contained in the preceding paragraphs as if stated here in full.

115.    At all times relevant to this action, Defendants individually and/or jointly employed Plaintiff within the meaning of the NYLL.

116.    Plaintiff was entitled to receive paid time off ("**PTO**") as a condition of his employment.

117.    Plaintiff had accrued but unused PTO days remaining as of the date of his termination.

118.    Defendants were required to compensate Plaintiff for these unused PTO days.

119.    This compensation constitutes wages within the meaning of the NYLL.

120.    Defendants willfully and intentionally failed to compensate Plaintiff for these unused PTO days.

121.    As a consequence of Defendants' willful and intentional violation of the NYLL, Plaintiff is entitled to compensatory damages in an amount to be determined at trial, plus liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and such other and further relief as the court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, by reason of the foregoing, Plaintiff, individually and on behalf of all other similarly situated persons, hereby requests the following relief:

a.  Compensatory damages in an amount to be determined at trial;

b.  The maximum amount of liquidated damages authorized by law;

c.  Pre- and post-judgment interest at the statutory rate;

d.  An award of reasonable attorneys' fees and costs; and

e.  Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       July 15, 2026

_Zachary Naidich_
Zachary Naidich
**NAIDICH LAW**
*Attorney for Plaintiff*